UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SCOTT RODDAN,<br><br>    Plaintiff,<br><br>    v.<br><br>RUSSELL ALTMAN, LLC, a Nevada Corporation; BENEFICIAL SOLUTIONS, LLC, a Nevada Corporation; and RUSSELL ALTMAN, individually,<br><br>    Defendants. | NO. 2:15-CV-00220-JLQ<br><br>ORDER RE: STIPULATION FOR PROTECTIVE ORDER |

    On March 8, 2016, the parties filed a Stipulation for Protective Order (ECF No. 35). The Stipulation for Protective Order seeks the court's approval and entry of a protective order. The request for entry of a protective order is Denied.

    The Stipulation for Protective Order defines "Confidential" as financial documents designated as confidential by the party. (ECF No. 35 at 2). The Stipulation provides for the handling of "confidential" documents, accessing those documents, and requiring a "written assurance" from each person designated to receive "confidential" documents to comply with the terms of the stipulation. *See* (ECF No. 35 at 3-5). Third parties are granted the ability to designate documents as "confidential." *See* (ECF No. 35 at 4).

    It is this court's general policy not to enter "blanket" protective orders. The Ninth Circuit also generally does not approve of "blanket" protective orders. *See Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1130-31 (9th Cir. 2003) (finding it could not sustain the district court's blanket protective order because the district court did not require a specific showing as to particular documents). Fed.R.Civ.P. 26(c) provides that

ORDER - 1

upon a showing of "good cause" the court may enter a protective order. "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz*, 331 F.3d at 1130. No documents have been provided to the court for a determination of whether good cause exists for a protective order. Such an order is not necessary in view of the agreement of the parties as to the handling of confidential material.

**IT IS HEREBY ORDERED**:

1. The Stipulation for Protective Order (ECF No. 35) is **DENIED**.
2. The parties are free to make arrangements concerning the conduct and use of discovery, and have so agreed in their Stipulation for Protective Order. The denial of court participation in the agreement between the parties shall not affect the validity of the agreement. The parties have stipulated to terms and conditions to maintain the confidentiality of certain documents. Should the parties have need (despite redactions) to file any documents under seal, they may do so along with a motion to seal. The court will then determine if it is appropriate to seal the documents. The parties shall also comply with Fed.R.Civ.P. 5.2 concerning privacy protections for filings made with the court.

**IT IS SO ORDERED**.  The Clerk is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 9th day of March, 2016.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER - 3